My name is Kay Evans and I am representing Mr. Alvarez-Barajas. The issue in this matter as I outlined in my brief is whether or not the petitioner meets the requirements that were mandated by the Supreme Court in its holding in St. Cyr with respect to 212c and whether the same reasoning regarding impermissible retroactive application applies to era-era section 348 which amended the 212c of the Act. Mr. Evans we have several of these cases on the calendar. As I recall on this one, doesn't this case differ factually from St. Cyr in a couple of ways? First of all, do we have an actual trial in this case? No, there was no application for 212c. There was no application for 212c because Soriano was in effect and applying for 212c would have been futile. All right, so then the question is why doesn't that fall within the Ninth Circuit case law that basically suggests that in this case Congress could retroactively apply the aggravated felon to include your client when the law was in a state of change at that time? Yes, Your Honor. In addition, at the time of his offense and his plea, he was not deportable at all. And our position is that he had a right to rely, one, that he would not be deported which is there was no integration consequence at all when he took his plea. And the second is he had a right to rely on the fact that even if the offense became an aggravated felony, he would have the right to 212c. How do you get around the language in our cases that suggests that in this circumstance the expectation was not settled at the time of the plea? In other words, he wouldn't have been eligible for 212c relief at that point because as far as he understood it didn't apply to him. Yes, Your Honor, but his reliance on the fact that he would not be removed at all I think is a very serious factor. It's even more serious than That's not answering my question. The problem is with the language in the holdings of our cases, which of course we're bound by as a three-judge panel. We don't have the authority to overrule another three-judge panel's decision. And I'm trying to ask, maybe not very artfully, but I'd like your help in telling us how you think we can distinguish those cases that seem to have approved the application of the change retroactively and would deny relief to your petition. Particularly the Velasco Medina case. How can you distinguish that case? Well, Velasco Medina was modified or limited by Leon Paz, and Leon Paz is almost square with this matter. The circumstances were the same. The offense was not an aggravated felon when he pled, and it became an act. Well, in that case, as I understand it, and please correct me if I'm wrong, the defendant pleaded, pled guilty to a non-deportable crime. Correct. As did this defendant. Yes. And then this circuit said that he could be denied 212C relief. In Leon Paz? Beg your pardon? In Leon Paz? That was not my reading of Leon Paz. This is Velasco Medina. Yes, I understand. But this Velasco Medina was subsequently limited in Leon Paz, and Leon Paz has a set of circumstances and facts very similar to our, to my own. And how – excuse me. How was it limited? Well, the Court argued that he had the right to rely on the fact that if – I mean, he had reliance. There was reliance and settled expectations were disrupted and all that, because if the crime were re-designated an aggravated felony, which it was, he had the right to rely on the availability of 212C relief, as did everybody else. That was one of the arguments in Leon Paz. The reasoning is a little circular here, Ms. Evans. He wasn't eligible for 212C relief at the time that he entered the plea, so how could he have an expectation that he could avail himself of 212C relief at that time when it didn't apply to him? Yes, I understand what you're saying, but in the Leon Paz case, it does state that he could base that on – Let me come back to Judge Nelson's question in a slightly different way. You're trying to convince us that your case is closer to Leon Paz than it – okay. How? How? The factual circumstances were very similar, and the Court specifically stated that it was limiting Velasco when it made the decision in Leon Paz. So – Well, I understand that that's what the Leon Paz panel said, but let's look at the facts of the two cases. Maybe you can address it from an attempt to distinguish it on the facts, because it seems to me that your client is in the same situation as Judge Nelson asked in her question, that the petitioner was in Velasco, Medina. And I'm trying to understand how we can distinguish your client's case from Mr. Velasco, Medina's case. Velasco, Medina, I believe, dealt with an individual who had committed multiple crimes and had reentered. Is that – is that correct? That's – as I recall. Yes. And in our case that we have today, this defendant didn't do any of those things, and he had one – one offense only, and he did not – But in both cases, the offense as a result of IRERA became an aggravated felony when the definition of what constitutes an aggravated felony was expanded. So are you – so are we to distinguish it on the nature of the crime? No. That doesn't help me, because both – in both instances, the conduct, while not an aggravated felony at the time of the initial plea, later became one. Correct? Yes, Your Honor. All right. So what other distinguishing fact can you point to that would help us resolve this dilemma? I can't think of any offhand. I would want to review and – Would you like to reserve some time while we hear the government's response? Yes, Your Honor. All right. Good morning, Your Honors. With respect to Leon Paz, the distinction was that the conviction was before the enactment of AEPA. And I believe that otherwise, yes, this case is just like Velasco Medina. I think that the other argument that was being made was that 212H should be applied. That was not an argument that was made to the BIA. And I don't think that – I have not seen any facts to support eligibility. That's in our brief, that we don't even get to the legal question. But I think that's where appellant was arguing Leon Paz might apply, because this conviction occurred before Section 348 of ARERA, which provided no 212H relief for lawful permanent resident aggravated felons. And if the Court were to reach that question, the government's position is that that section is clearly retroactive. Congress's intent is clearly retroactive. And in fact, this Court has recognized that. I believe it was Aragon, Aragon-Iona. Excuse me. Counsel, in writing a disposition in this case, the Lanser Act case gave a two-step analysis, the first step of which, if the statute is unambiguous, you don't need to move to judicial rules of any kind. Was it necessary for our Court to reach step two in Velasco Medina? Because that would pertain to how we would write a disposition in this case, assuming that we follow Velasco Medina, which I think we have to. Right. I think so, Your Honor. I mean, the Court – the rule is – I think it was the Magana case that ruled that 440D of AEDPA was not clearly retroactive. And so that's why it had to be a conviction that was after AEDPA and before ARERA for 212C to be – the repeal to be retroactive. And I think that's the reason for the ruling in LaPaz – I'm sorry, Leon-Paz – was that the conviction was before AEDPA in Section 440D, which is not clearly retroactive. And so the first step of Landgraf, the finding is it's not clearly retroactive. So then you go to the second step, which is, is there a retroactive effect? And, yes. What would be the bottom line of this Court's decision if we agreed with your position? Well, Your Honor, the facts of this case fall squarely within Velasco Medina because the argument of AEDPA, 440D, and ARERA, the repeal of 212C, and that the argument regarding 212H, apart from the fact that the argument was not made to the PIA, there's no eligibility, there's no factual basis for showing even eligibility in the first place because there's no visa immediately available. 212H has to be applied for in connection with an adjustment application. Do we need to go that far? I thought I heard you argue earlier that because it wasn't presented to the PIA, wouldn't that be a simple exhaustion? Therefore, we don't have to dismiss that claim for lack of jurisdiction to consider it? Yes, Your Honor. All right. Well, if there are no more questions, that concludes my presentation. Thank you, Your Honors. You might want to rebut his concluding statement if you have a basis for doing it. Yes, Your Honor. The application for 212C, I mean, for 212H, although it was not raised at the PIA, it was raised at the district court level, and I don't know what effect that will have. Well, that doesn't help us, though, with the requirement that he must exhaust his administrative remedies, does it? Excuse me? That doesn't help us with the rule of law that says he must exhaust his administrative remedies before an Article III court has jurisdiction to consider it, does it? Or are you suggesting that there's some kind of exception for him? Well, it would be an exercise in futility to make that application. They did make it later, and it was never adjudicated. It was actually made to the PIA. It would be an exercise in futility, and in that event, he would not need to exhaust administrative remedies. Since exhaustion would be futile. Yes. I mean, yes, exhaustion would be futile. As far as Velasco Medina and Leon Paz are concerned, Leon Paz, this court stated that Leon Paz had the right to apply for 212C because he entered into a plea agreement not expecting any immigration consequence of that. What do you do with the argument that the government counsel just made that the plea in Leon Paz was entered before AEDPA and also that the immigration judge essentially misinformed the alien as to the immigration consequences of the plea, which seemed to be of some significance to the Leon Paz panel? Yes, Your Honor. But in this case, the applicant then did not, the attorney decided not to apply for the 212C relief because in accordance with Soriano, which was the ruling decision at that time, he was not eligible to apply. So based on the law in existence, the effect is the same as the judge telling  Okay. But it seemed to me that in Leon Paz, the panel granted relief because of the fact that the alien had been misinformed and that Section 212 relief would have been available to him had he applied for it at the time. As it turns out in this case, also later as the law changed, it would have been available to him even before St. Cyr. There were some other changes before that. So the law misinformed him because there were many lawyers who insisted on filing and there were some who said, well, it's no use filing. So they didn't file. Thank you, Ms. Evans. Your Honor. Case just argued is submitted. Let's see. Is Mr. Evans here yet on the first case? Apparently not. So we will then move to argument in Herman Apple versus
judges: Farris, D.W. Nelson, Tallman